# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ERNA McFADDEN,

    Petitioner,

v.                                                   Case No. 3:19-cv-891-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner, Erna McFadden, an inmate of the Florida penal system, initiated this action in the Northern District of Florida by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. The Honorable Gary R. Jones, United States Magistrate Judge, transferred the action to this Court. Doc. 3. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for armed robbery and two counts of aggravated battery.[1] Petitioner is serving a cumulative life term of

---

[1] Petitioner entered an open plea of guilty to the two counts of aggravated battery. She subsequently proceeded to trial on the armed robbery charge and the jury found her guilty of the offense. In the Petition, Petitioner only raises claims challenging her armed robbery conviction and trial counsel's actions during trial.

incarceration. Respondents filed a Response. See Doc. 13 (Resp.).[2] The Court provided Petitioner with an opportunity to reply, but she declined and filed a notice advising that she relies on her allegations as stated in her Petition. See Doc. 15. This case is ripe for review.[3]

## II. Governing Legal Principles

### A. Standard Under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

---

[2] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

[3] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). When the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1),

(2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

### B. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby

4

prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish ineffective assistance, a person must show that: (1) counsel's performance was outside the wide range of reasonable, professional assistance; and (2) counsel's deficient performance prejudiced the challenger in that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. Strickland, 466 U.S. at 687.

There is no "iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697.

Further, "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If

there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 105. As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010). "Reviewing courts apply a 'strong presumption' that counsel's representation was 'within the wide range of reasonable professional assistance.'" Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1262 (11th Cir. 2016) (quoting Strickland, 466 U.S. at 689). "When this presumption is combined with § 2254(d), the result is double deference to the state court ruling on counsel's performance." Id. (citing Richter, 562 U.S. at 105); see also Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1333-35 (11th Cir. 2013) (en banc) (Jordan, J., concurring); Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004).

## III. Analysis

### A. Grounds One and Two[4]

Petitioner alleges her trial counsel was ineffective for failing to object to "improper prosecutorial comments"; specifically, the state's inclusion of a jury instruction on the principal theory. Doc. 1 at 5. According to Petitioner, the

---

[4] Petitioner raises the same claim in Grounds One and Two of the Petition. See Doc. 1 at 5-7.

evidence presented at trial did not support the instruction, and its presence misled and confused the jury during deliberations. Id.

Petitioner raised this claim in her amended Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Resp. Ex. C1 at 15-17. The trial court summarily denied the claim, finding the following:

> In Defendant's Amended Motion, she avers the State improperly argued principal theory and that the jurors were improperly instructed on the theory. Specifically, Defendant argues the State only alleged that Defendant committed the robbery at CVS, not that she aided her codefendant in committing the robbery. Thus, Defendant contends it was improper for the jury to be instructed on the principal theory and for the State to argue anything regarding the principal theory.
>
> To prove the offense of Armed Robbery, the State had to show Defendant took property of value from CVS with the intent to permanently deprive CVS of that property and that "force, violence, assault, or putting in fear was used in the cour[se] of the taking." The jury was instructed on the principal theory to find these elements. The State is entitled to proceed on alternate theories where there is evidence to support both theories. See Hodge v. State, 970 So. 2d 923, 926 (Fla. 4th DCA 2008).
>
> Here, the State indeed presented evidence [] to support both theories. The State presented evidence Defendant committed the armed robbery herself by presenting the following evidence: testimony from the store manager that he witnessed Defendant conceal CVS store merchandise in her blue purse, testimony from two individuals that Defendant never went to the register to pay for these items, testimony from those same two individuals that Defendant cut them both with an object while trying to leave the store, and

7

> testimony that when Defendant was pulled over in the car described by a CVS employee soon after the robbery, there was merchandise and a box cutter found in the car.
>
> However, the officer who stopped the vehicle Defendant was a passenger in, stated that Defendant's blue and white bag only had [a] box-cutter in it, not any store merchandise. Defense counsel used this testimony to argue that, while Defendant did commit the aggravated battery offenses, she did not rob the store and commit Armed Robbery. In response, the State alternatively argued the principal theory to allege that even if the jury did not believe Defendant took items from CVS, she knew of the plan and assisted the other suspect by using the boxcutter on the victims to allow her and the other suspect to escape the store.
>
> Considering the evidence, this Court finds it was proper for the trial court to give the principal instruction. Thus, counsel cannot be deemed deficient for failing to object to the instruction being given or the arguments made by the State regarding the principal theory. See Schoenwetter v. State, 46 So. 3d 535, 546 (Fla. 2010) (finding counsel cannot be deemed ineffective for failing to make a meritless objection). Accordingly, Defendant is not entitled to relief on this Ground. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Resp. Ex. C1 at 28-29 (record citations omitted). Petitioner appealed, and the

First District Court of Appeal affirmed the denial through a written opinion.

Resp. Ex. C4. The First DCA explained the following, in relevant part:

> In the Appellant's first and second grounds, she argued that her attorney was ineffective for failing to object to the reading of the principal instruction. She

8

alleged that neither the information nor the evidence showed that she acted in concert with anyone to commit a robbery. She asserted that she was simply shopping with the codefendant until Mr. McDonald approached and asked to search their purses. She claimed that she had been unaware that the codefendant was stealing until she ran away. The Appellant alleged that she only struck the clerk because he struck her first, not to aid in the codefendant's escape. She argued that if counsel had objected, she would have been acquitted of robbery or convicted of a lesser offense.

To prove ineffective assistance, an appellant must allege (1) the specific acts or omissions of counsel that fell below a standard of reasonableness under prevailing professional norms and (2) that the appellant's case was prejudiced by these acts or omissions such that the outcome of the case would have been different. Strickland[], 466 U.S. [at] 690-92. However, "[c]ounsel cannot be deemed ineffective for failing to make a meritless objection." Hitchcock v. State, 991 So.2d 337, 361 (Fla. 2008).

"The principals instruction may be given if the evidence adduced at trial supports such an instruction." McGriff v. State, 12 So. 3d 894, 894 (Fla. 1st DCA 2009). Under the law applicable to principals,

> a defendant will be treated as if he did all the acts performed by the others involved in the perpetration of a crime if (1) the defendant "ha[d] a conscious intent that the crime be done" and (2) the defendant "d[id] some act or sa[id] some word which was intended to and d[id] incite, cause, encourage, assist, or advise another person to actually commit the crime."

Charles v. State, 945 So. 2d 579, 581-82 (Fla. 4th DCA 2006) (quoting R.J.K. v. State, 928 So. 2d 499, 503 (Fla. 2d DCA 2006)).

> Here, the evidence supported the jury instruction. Mr. McDonald testified that he saw both women stealing items from the store. When confronted about the theft, the Appellant attacked Mr. McDonald. Both Mr. McDonald and Mr. Campbell testified that when the attack began, they were distracted by the codefendant and were not paying attention to the Appellant. It was only after the Appellant injured Mr. McDonald that Mr. Campbell struggled with her. Furthermore, the Appellant attacked Mr. Campbell again after he had disengaged from her to aid Mr. McDonald. This interaction was caught on video surveillance. Under these circumstances, grounds one and two were properly denied.

Resp. Ex. C4; McFadden v. State, 268 So. 3d 224, 226-27 (Fla. 1st DCA 2019).

The Court addresses this claim in accordance with the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision to deny Petitioner's claims was neither contrary to nor an unreasonable application of Strickland, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. See 28 U.S.C. § 2254(d). Grounds One and Two are denied.

**B. Ground Three**

Petitioner argues that her trial attorney was ineffective for failing to call an expert witness at trial who would have testified about Petitioner's extensive mental health issues and how long-term incarceration may affect Petitioner's conduct. Doc. 1 at 8.

10

Petitioner raised this claim in ground four of her amended Rule 3.850 motion. Resp. Ex. C1 at 18-19. The trial court summarily denied the claim as follows:

> Defendant alleges counsel was ineffective for failing to present information regarding her "extensive mental health issues" and for failing to call an expert to testify regarding those issues at trial. Defendant notes counsel had her evaluated by a doctor and presented that doctor's testimony at sentencing but avers counsel should have had her evaluated prior to trial so that testimony could have formed viable defenses.
>
> On October 2, 2017, this Court granted Defendant sixty days leave to amend this ground to provide more details regarding her allegations. Defendant still does not specifically identify her "extensive mental health issues." She does, however, allege the doctor could have testified regarding a link between her illness and her response to the employee's actions to "show[] that the Defendant perceived the CVS employee's actions as a threat and that [Defendant] felt that she needed to defend herself." This Court finds such testimony would be improper for a doctor to give as they are Defendant's assertions, not his own conclusions. Moreover, this Court finds such testimony regarding why the Defendant cut the employee with her razor blade, and any theory of self-defense, would only be relevant to the Aggravated Battery charges Defendant pleaded guilty to, not the Armed Robbery charge on which Defendant was tried. Such testimony would have been irrelevant and, thus, inadmissible at trial. Counsel, therefore, cannot be deemed deficient for failing to try to present this testimony at trial. Additionally, contrary to Defendant's assertions, because the testimony would have been irrelevant to the charge tried, there is no reasonable probability the result of the proceeding

11

> would have been different if counsel had Defendant evaluated sooner and presented that testimony at trial.
>
> Lastly, as mentioned by Defendant, counsel did have Defendant evaluated by a doctor who then testified at sentencing to show mitigation. Accordingly, this Court finds Defendant is not entitled to relief on this Ground.

Resp. Ex. C1 at 30-31 (record citations omitted). Petitioner appealed, and the First DCA affirmed, finding the following in pertinent part:

> In the Appellant's fourth ground, she argued that her attorney was ineffective for failing to call an expert witness to testify regarding her mental health issues. She alleged that Mr. McDonald grabbed her arm and threw her into a wall, prompting her to use the boxcutter to defend herself. She asserted that a mental health expert could have testified that she felt threatened under these circumstances due to her mental health issues. She claimed that this omission left the jury without a complete picture of her state of mind. She also argued that counsel failed to present mitigating evidence regarding her mental health issues.
>
> The Appellant does not appear to be arguing that at the time of the offense, she was unable to appreciate the difference between right and wrong or understand the nature or quality of her act. Thus, she does not seem to suggest that an insanity defense was available. Rather, because this argument is premised upon demonstrating her state of mind and the need to defend herself, it appears to be a self-defense argument. Cf. Filomeno v. State, 930 So. 2d 821, 822 (Fla. 5th DCA 2006) (holding that a psychologist's testimony concerning the "fight or flight" response was admissible as state-of-mind evidence to support a claim of self-defense).

12

> As an initial matter, the Appellant's factual allegations in this ground are inconsistent with the evidence presented at trial. Mr. McDonald's and Mr. Campbell's testimony established that the Appellant injured Mr. McDonald with the boxcutter while he was distracted by her codefendant's flight. Mr. McDonald did not touch or strike the Appellant. Rather, it was Mr. Campbell who struggled with the Appellant and only after Mr. McDonald had been attacked. The Appellant subsequently attacked Mr. Campbell after the struggle was over, while he was assisting Mr. McDonald.
>
> Furthermore, the Appellant pleaded guilty to the aggravated battery charges and only proceeded to trial on armed robbery. Her attorney relied on her guilty pleas to argue that while she committed the aggravated batteries and would be punished for them, she neither stole property nor intended to help her codefendant steal, and thus, she did not commit armed robbery. The Appellant does not explain how a self-defense theory would apply under these circumstances. Regardless, even if a self-defense theory would apply, this ground remains facially insufficient after an opportunity to amend, as the Appellant does not identify her mental illness or how it affected her perceptions. Therefore, this aspect of her claim was properly denied with prejudice. See Fla. R. Crim. P. 3.850(f)(3).
>
> Insofar as the Appellant argued that counsel failed to present expert testimony regarding her mental health as mitigating evidence, the record reflects that counsel did present such testimony. Therefore, this aspect of ground four is conclusively refuted by the record.

Resp. Ex. C4; McFadden, 268 So. 3d at 227-28.

The Court addresses this claim in accordance with the deferential standard for federal court review of state court adjudications. Upon thorough

13

review of the record and the applicable law, the Court finds that the state court's decision to deny Petitioner's claim was neither contrary to nor an unreasonable application of Strickland, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. See 28 U.S.C. § 2254(d). Ground Three is denied.

**C. Ground Four**

Petitioner asserts her trial counsel was ineffective for failing to move for a judgment of acquittal based on the state's failure to present a prima facie case for armed robbery. Doc. 1 at 10. According to Petitioner, the state did not prove that Petitioner took money or other CVS property or that Petitioner used force or violence during the alleged taking. Id.

Petitioner raised this claim in her amended Rule 3.850 motion. Resp. Ex. C1 at 20-24. The trial court summarily denied the claim as follows:

> Defendant asserts counsel was ineffective for failing to make an adequate motion for judgment of acquittal.
>
> To be entitled to relief on such a claim, Defendant must show he "may very well have prevailed on a more artfully presented motion." White v. State, 977 So. 2d 680, 681 (Fla. 1st DCA 2008). "Where there is no showing that a motion for judgment of acquittal had a likelihood of success, a movant has not presented a facially sufficient claim of ineffectiveness of counsel." Neal v. State, 854 So. 2d 666, 670 (Fla. 2d DCA 2003) (citation omitted). Additionally, counsel cannot be deemed ineffective for failing to move for a judgment of acquittal where there is sufficient evidence to support

14

the defendant's convictions and the argument would have been meritless. Ferrell v. State, 29 So. 3d 959, 976 (Fla. 2010) (citing Mungin v. State, 932 So. 2d 986, 997 (Fla. 2006)).

The Florida Supreme Court has said the following about motions for judgment of acquittal:

> [a] defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.

Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974).

At trial, counsel made a boilerplate motion for judgment of acquittal and [a] renewed motion for judgment of acquittal. However, based on the evidence as outlined in Grounds One and Two, this Court finds even a more artfully presented motion for judgment of

15

> acquittal would have been properly denied as there was sufficient evidence to support the conviction[]. Defendant is, thus, not entitled to relief on this Ground.

Resp. Ex. C1 at 31-32 (record citations omitted). Petitioner appealed, and the First DCA affirmed, explaining the following in relevant part:

> In the Appellant's fifth ground, she argued that her attorney was ineffective for failing to make an adequate motion for judgment of acquittal. She alleged that her attorney should have argued that the state did not prove all the elements of robbery, as she did not take any property, use force in the course of a taking, or have the intent to deprive the victim of any property.
>
> "In moving for a judgment of acquittal, a defendant 'admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" Beasley v. State, 774 So. 2d 649, 657 (Fla. 2000) (quoting Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974)). "A motion for judgment of acquittal should only be granted if there is no view of the evidence from which a jury could make a finding contrary to that of the moving party." Jeffries v. State, 797 So. 2d 573, 580 (Fla. 2001) (citing Lynch, 293 So. 2d at 45).
>
> Here, any motion for judgment of acquittal arguing that the state did not prove the elements of robbery would have been denied. When viewed in the light most favorable to the state, the evidence introduced at trial shows that the Appellant and a companion stole items from CVS. When two clerks confronted them about the theft, the Appellant injured them both with a boxcutter to aid in her and her companion's escape. Under these circumstances, this ground was properly denied.

Resp. Ex. C4; McFadden, 268 So. 3d at 228-29.

16

The Court addresses this claim in accordance with the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision to deny Petitioner's claim was neither contrary to nor an unreasonable application of Strickland, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. See 28 U.S.C. § 2254(d). Ground Four is denied.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[5]

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of May, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:     Erna McFadden, # J47975
       counsel of record

---

[5] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.